An appropriate order will be entered.

PBA LOCAL 278 NEW JERSEY STATE CAMPUS POLICE, PLAINTIFFS, v. JOHN DEGNAN, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY; DEPARTMENT OF HIGHER EDUCATION; KEAN COLLEGE OF NEW JERSEY; TRENTON STATE COLLEGE; WILLIAM PATERSON STATE COLLEGE; MONTCLAIR STATE COLLEGE; STOCKTON STATE COLLEGE, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Essex County

Decided April 1, 1980.

Barbara Landau for plaintiffs (Osterweil, Wind & Loccke, attorneys).

Robert A. Fagella, Deputy Attorney General, for defendants (John J. Degnan, Attorney General of New Jersey, attorney).

DWYER, J. S. C.

By a verified complaint, plaintiff PBA Local 278, New Jersey State Campus Police ("PBA Local"), instituted this action seeking a judgment declaring that it is a State Police agency, its members are State Police within the meaning of N.J.S.A. 2C:39–6(a)(7), and therefore its members are exempt from the prohibition against possession of guns set forth in N.J.S.A. 2C:39–5.

The members of PBA Local are employees of the State in the classified civil service. They are employed as campus police at the various state colleges. They may be transferred from one campus to another. They are appointed pursuant to the provisions of *N.J.S.A.* 18A:6–4.2 *et seq.* Prior to the effective date of the new criminal code, *N.J.S.A.* 2C:1–1 *et seq.*, campus police officers while on duty had all the authority of police officers in criminal cases, *N.J.S.A.* 18A:6–4.5, but their right to carry firearms or other weapons, was subject to rules and regulations promulgated by the chief executive officer of the college to which they were assigned. *N.J.S.A.* 2A:151–41.2. The rules and regulations were not uniform at the colleges.

PBA Local asserts that by reason of the changes made by the adoption of the new criminal code, its members now have all the rights to possess and carry firearms as regular police. It therefore seeks an injunction restraining John J. Degnan, the Attorney General of the State of New Jersey, and the chief executive officer of each of the state colleges from interfering with those rights. By reason of the fact that its members may be transferred from campus to campus, it asserts that they face conflicting regulations and that they need firearms at all times to perform their duties as well as to protect themselves.

The Attorney General filed an answer on behalf of defendants admitting the facts that are relevant for the resolution of this action but disputing the asserted legal contentions. The Attorney General then moved to dismiss for failure to state a claim or, in the alternative, for summary judgment.

Since the facts are not disputed, the court has treated the motion as one for summary judgment. *R.* 4:46–2.

The statutes applicable to the members of the PBA Local before the enactment of the new Criminal code will be reviewed first and then the applicable provisions of the Code.

*L.*1970, *c.* 211, ("appointing act"), repealed the provisions set forth in *N.J.S.A.* 15:11–16 to 20 authorizing the governing bodies of universities, colleges, academies, schools or other institutions of learning to apply to the authority with power to

appoint police in the municipality where the institution was located to commission such persons as the governing bodies designated to act as police for the institution. Upon such application, the authority was directed to appoint such persons. See *N.J.S.A.* 15:11–16. The provisions of *L.1970, c.* 211, are found in *N.J.S.A.* 18A:6–4.2 to 4.11.

The governing body of the respective institutions are given power to designate and appoint persons as "policemen for the institution" subject to a review of all applications for such appointments by either the chief of police in the municipality where the institution is located or the Superintendent of the State Police where there is no local chief of police to determine the competence and fitness of the applicants. *N.J.S.A.* 18A:6–4.3. If appointed, the applicant must within one year complete a training course approved by the Police Training Commission or obtain a waiver on the ground that such person has had the equivalent of such training. *N.J.S.A.* 18A:6–4.4.

*N.J.S.A.* 18A:6–4.5 provides:

Every person so appointed and commissioned shall, while on duty, within the limits of the property under the control of the respective institutions and on contiguous streets and highways, possess all the powers of policemen and constables in criminal cases and offenses against the law.

*N.J.S.A.* 18A:6–4.8 provides that "[t]he provisions of N.J.S.A. 2A:151–41 [carrying or possessing weapons without permit] shall not apply to any policemen appointed pursuant to the provisions of this act."

Except for enumerated categories of police officers and others which did not include the members of PBA Local, *N.J.S.A.* 2A:151–41.1 provided that anyone having, carrying or possessing a weapon as defined in *N.J.S.A.* 2A:151–1 "on the premises of any public or private school, college or university" was guilty of a high misdemeanor. *N.J.S.A.* 2A:151–41.2 further provided that even if a person had a valid permit to carry a pistol or revolver, such person had no defense under *N.J.S.A.* 2A:151–41.1 unless the holder of such permit or license had acquired the written consent from the governing officer of the institution.

Prior to the enactment of the new Criminal Code, each of the State's colleges had rules and regulations governing the carry-

ing of weapons. No state college permitted any campus police officer to carry weapons while off-duty.

Subsequent to the enactment of the Code, in response to an inquiry from one of the State's colleges, the Attorney General stated in a letter opinion of August 30, 1979, that,

> . . . the newly enacted Code authorizes campus police to carry nightsticks and blackjacks, while on duty, pursuant to a valid law enforcement order issued by the appropriate official of the educational institution. The carrying of mace devices, however, is proscribed. Moreover, it was the intent of the Legislature to require at least some form of minimal written authorization from the institution's governing officer before certain enumerated otherwise exempt individuals, including campus police, would be permitted to carry firearms on institutional property.

*N.J.S.A.* 2C:39–5(a), (b) and (c) respectively makes it a crime for any person to knowingly have possession of machine guns, handguns, or rifles and shotguns as therein more specifically set forth.

Paragraphs (d) and (e) provide:

> d. Other weapons. Any person who knowingly has in his possession any other weapon under circumstances not manifestly appropriate for such lawful uses as it may have is guilty of a crime of the fourth degree.
>
> e. Firearms in educational institutions. Any person who knowingly has in his possession any firearm in or upon any part of the buildings or grounds of any school, college, university or other educational institution, without the written authorization of the governing officer of the institution, is guilty of a crime of the third degree, irrespective of whether he possesses a valid permit to carry the firearm or a valid firearms purchaser identification card.

*N.J.S.A.* 2C:39–6(a) to (g) sets forth exemptions from *N.J.S.A.* 2C:39–5. The exemptions are classified according to the task performed and the degree of relation to law enforcement. *N.J.S.A.* 2C:39–6(a) exempts those persons enumerated therein from *N.J.S.A.* 2C:39–5 in its entirety.

PBA Local urges that its members are exempt under *N.J.S.A.* 2C:39–6(a)(7) which provides:

> a. Section 2C:39–5 does not apply to:
>
> .     .     .     .     .     .     .     .
>
> (7) A regularly employed member, including a detective of the police department of any county or municipality, or of any State, interstate, municipal or county park police force or boulevard police force, at all times while in the State of New Jersey, or a special policeman appointed by the governing body of any county or municipality or by the commission, board or other body having control of any county park or boulevard police force, while engaged in the actual

performance of his official duties and when specifically authorized by the governing body to carry weapons.

Although *N.J.S.A.* 2C:39–6(a)(3) includes "[m]embers of the State Police, a motor vehicle inspector," PBA Local urges subsection (7) of *N.J.S.A.* 2C:39–6(a) refers to other "State police forces" and it asserts that it is one of the other state police forces.

It points out that the State owns the guns used by its members as well as the other equipment which they use. It urges that its members can be laterally transferred to other units of state law enforcement. This point is disputed by the Attorney General and is not necessary to resolve.

The Attorney General suggests that the reference is to members of the police departments of other states while in New Jersey.

The construction of subsection (7) urged by PBA Local ignores the plain words of the statute and adds complexity.

Subsection (7) is written in the alternative. Said section may be set up as follows to highlight the groups enumerated:

A regularly employed member, including a detective,
    of the police department
    of any county or municipality,
    or of any State, interstate, municipal or county park police force or boulevard police force, at all times while in the State of New Jersey,
    or a special policeman

. . . . . . . .

If, as urged by PBA Local, the word "State" is to be linked to the words "police force" at the end of the clause, then one should also link "interstate" and "municipal" in a similar way. However, the court construes all the words in the second group to refer to "park police force." The language of *N.J.S.A.* 2C:39–6(a)(7) is almost identical to that of *N.J.S.A.* 2A:151–43(d). The prior statute and the new criminal code exempt certain law officers from the unlawful possession of weapons sections. Yet, PBA Local does not attempt to show that the language in the new Code is in any way more inclusive than that of *N.J.S.A.* 2A:151–43(d). *New Jersey Penal Code Commentary: Final Report of the New Jersey Criminal Law Revision Commission, at 310* (1971). Since the appointing act shifted the designa-

tion of persons as campus policemen from the municipal authority with power to commission police to the education institutions, such persons can no longer be regarded as special policemen.

Further, the Legislature expressly referred to individuals who are identical to the members of PBA Local in *N.J.S.A.* 2C:39–6(c)(1):

> c. Subsections b. and c. of section 2C:39–5 do not apply to:
>
> (1) A railway policeman, while in the actual performance of his official duties and while going to or from his place of duty, campus police officer appointed pursuant to P.L.1970, c. 211 (C.18A:6–4.2 et seq.) or any other police officer, while in the actual performance of his official duties.

■ The court concludes that the only exemption the members of PBA Local have under *N.J.S.A.* 2C:39–6 is in subsection (c)(1) and that exemption is limited under that statute to exemption from subsections (b) and (c) of *N.J.S.A.* 2C:39–5 while in the actual performance of their official duties.

PBA Local urges that if its members are governed by *N.J.S.A.* 2C:39–6(c)(1), then its members may be prohibited from carrying nightsticks or mace because its members are not exempt from *N.J.S.A.* 2C:39–5(d). The term "weapon" in that section is defined in *N.J.S.A.* 2C:39–1(r) as including "billies, blackjacks, bludgeons" and "any weapon or other device which projects, releases, or emits tear gas or any other substance intended to produce temporary physical discomfort or permanent injury through being vaporized or otherwise dispensed in the air."

The Attorney General points out that possession of a billy or blackjack is referred to in *N.J.S.A.* 2C:39–3(e). However, *N.J. S.A.* 2C:39–3(g) expressly excepts from the provisions of that section any law enforcement officer while actually on duty or traveling to or from an authorized place of duty, "provided that his possession of the prohibited weapon or device has been duly authorized under applicable laws, regulations or military or law enforcement orders, . . ." The Attorney General urges that under this section the highest authority at each college may issue regulations and/or orders for the carrying of nightsticks by campus police officers who are law enforcement officers.

The Attorney General further urges that if a campus police officer is carrying a nightstick pursuant to such regulations,

then he would be carrying it for a lawful use under *N.J.S.A.* 2C:39–5(d) and hence would not be subject to the sanctions of that section. This court agrees.

Although mace may be a weapon within the meaning of *N.J.S.A.* 2C:39–1(r), it is not specifically referred to in *N.J.S.A.* 2C:39–3(e) and hence is not apparently covered by the exceptions in *N.J.S.A.* 2C:39–3(g). It may be embraced within *N.J. S.A.* 2C:39–4(d). Neither party has pressed for a declaration on the point covering mace. In light of the representation of the Attorney General that his office is reexamining its position, this court does not pass on any question concerning mace and campus police officers.

Judgment will be entered declaring that the members of PBA Local have an exemption under *N.J.S.A.* 2C:39–6(c)(1), subject to written authority from each college under *N.J.S.A.* 2C:39–5(e). They may carry firearms while actually on duty and that each college may issue regulations or orders authorizing the carrying of nightsticks.